**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gennady KOTLYARSKY, Defendant–Appellant.**

**No. 10–15315
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 31, 2011.

Wifredo A. Ferrer, U.S. Attorney, Anne R. Schultz, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Charles Wender, Smith, Smith & Wender, Boca Raton, FL, for Defendant–Appellant.

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Gennady Kotlyarsky appeals his conviction for possession with intent to distribute oxycodone. 21 U.S.C. § 841(a)(1), (b)(1)(C). Kotlyarsky argues, for the first time, that his plea of guilty is invalid because he was misinformed about the length of his supervised release, Fed.R.Crim.P. 11(b)(1)(H)-(I). We affirm.

Any error did not prejudice Kotlyarsky's substantial rights. Although the district court failed to inform Kotlyarsky about a minimum term of six years of supervised release, *see* 21 U.S.C. § 841(b)(1)(C), Kotlyarsky knew from his plea agreement, change of plea hearing, and presentence investigation report that he faced a term of "at least" three years of supervised release, *see United States v. Bejarano*, 249 F.3d 1304, 1307 (11th Cir.2001). Kotlyarsky failed either to object when the district court sentenced him below the statutory minimum term to five years of supervised release, *see id.* at 1306 n. 1, or to move timely to withdraw his plea of guilty, *see*

---

*United States v. Brown,* 586 F.3d 1342, 1347 (11th Cir.2009). Furthermore, Kotlyarsky does not argue that, "but for the error, he would not have entered [his] plea" of guilty. *United States v. Dominguez Benitez,* 542 U.S. 74, 83, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004).

We **AFFIRM** Kotlyarsky's conviction.